## MARTIN DUER v. FRANK GAGNON.[1]

June 4, 1915.

Nos. 19,341—(137).

**Verdict sustained by evidence.**
1. The evidence is *held* sufficient to sustain the verdict.

**Assault and battery — verdict not excessive.**
2. The plaintiff, a man capable of earning 40 to 50 dollars a month, including his board, was beaten by defendant, his right leg was broken and he was confined in a hospital for about 14 weeks. *Held*, that a verdict for $1,200 was not excessive; nor does it appear that it was the result of passion or prejudice.

**Cross-examination.**
3. The conduct of plaintiff's attorney, in asking certain questions during the cross-examination of the defendant, *held* not prejudicial error.

**Request to charge jury.**
4. The court did not err in denying defendant's request to give certain instructions to the jury.

Action in the district court for Beltrami county to recover $5,000 for assault and battery. The case was tried before Stanton, J., and a jury which returned a verdict for $1,200. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Charles W. Scrutchin,* for appellant.
*John F. Gibbons,* for respondent.

[1] Reported in 152 N. W. 880.

SCHALLER, J.

Action for damages for an assault and battery. On the fifth day of June, 1914, the plaintiff, who was a working man, went into the saloon which was being run by the defendant in connection with a hotel at Bemidji, in this state. The plaintiff, having had a controversy with the defendant about a game of dice, went out of the saloon. Shortly afterward the defendant passed out of the saloon and onto the street, where the assault and battery was committed.

The evidence tended to show that plaintiff was assaulted and beaten by the defendant and that he was seriously injured, his leg being broken. The defendant denied the assault and battery, and introduced evidence tending to show that he was merely resisting an assault committed on him by the plaintiff, and that he used no more force than was necessary to repel the attack.

Many witnesses testified on both sides. The case was submitted to a jury which returned a verdict for the plaintiff in the sum of $1,200. Defendant moved for judgment notwithstanding the verdict or for a new trial, and appeals from the order denying his motion.

Error is assigned that the evidence is not sufficient to sustain the verdict; that the verdict was excessive and appears to have been given under the influence of passion and prejudice; that plaintiff's counsel was guilty of misconduct, and that certain requested instructions were denied.

1. It is true that the evidence in this case was conflicting and that there was a numerical superiority of witnesses for the defendant as to some of the occurrences; but we cannot say that the evidence was not sufficient to sustain the verdict. The weight of the evidence and the credibility of the witnesses were for the jury. The jury and trial judge who saw, heard and observed the witnesses, have passed upon these questions, which were peculiarly within their province. This court will not interfere with their conclusions.

2. The injuries in this case were serious. There was a fracture of the larger bone of the right leg. Plaintiff was confined to a hospital for a period of about 14 weeks, suffered much pain and was put to considerable expense, was on crutches at the time of the trial, and, if his testimony was to be believed, was still suffering from his in-

juries. He was capable of earning 40 to 50 dollars a month, including his board, and had earned no money up to the time of the trial. Under the circumstances, we cannot say that the damages are excessive or that the jury was influenced by prejudice or passion.

3. It is charged that plaintiff's attorney, in cross-examining the defendant, asked certain improper questions, and continued along that line of examination after objection had been made and sustained. It appears that, on the cross-examination of the defendant, who was a witness in his own behalf, certain questions were asked, implying that, at some time previous to the trial, defendant had been engaged in a disreputable business. To the first question defendant answered that he owned a certain building but did not conduct such business. To another question as to whether he ran such place, objection was made and sustained. One or two questions of a similar nature were ruled out. The witness answered the first question before the same was objected to.

There was no exception taken at the time to the conduct of the plaintiff's attorney and no instruction on the matter was requested of the court.

Whether or not a new trial should be granted for improper conduct of counsel is largely discretionary with the trial court, which has passed on this question. The record does not show an abuse of discretion.

4. The only other assignment of error relates to the refusal of the court to give the instructions asked for by the defendant.

In view of the fact that the court fully and carefully charged the jury on every branch of the case, and that the charge embodied the propositions contended for by the defendant so far as they were correct, we cannot say that the defendant was prejudiced. Indeed, it might have been error to give them as framed, for instruction number 1 is clearly erroneous as to the burden of proof. Instruction number 2 is argumentative. In any event, the court fairly submitted the case to the jury in a charge which embodied all instructions that the defendant had a right to ask for.

Order affirmed.